UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 05-CV-5570 (JFB) (JMA)
―――――――――――――

YOUNG SHIM CHO,

Plaintiff,

VERSUS

STEPHEN A. TOMCZYK,

Defendant.
―――――――――――――

MEMORANDUM AND ORDER
November 2, 2007
―――――――――――――

JOSEPH F. BIANCO, District Judge:

On November 30, 2005, the above-captioned action was removed from the Supreme Court of the State of New York, Kings County, to this Court. By letter dated November 16, 2006, counsel for defendant reported to the Court that the action had been settled for the sum total of $2,000. By letter dated March 29, 2007, counsel for plaintiff notified the Court that "[t]he parties have settled the matter and in lieu of a stipulation of discontinuance, consent to a sixty day closing order." (March 29, 2007 Letter from Andrew Park, Esq.) The Court entered a sixty day closing order on April 17, 2007, advising that "if settlement is not consummated within sixty days of the date of th[e] order, any party may apply by letter within the 60-day period for restoration of the action to the calendar of the undersigned, in which event the action will be restored." (April 17, 2007 Order.)

On August 7, 2007, after the sixty-day period had expired, counsel for defendant submitted a letter to the Court stating that the settlement had not been consummated, and that, "despite numerous requests from defendants[,] plaintiff has failed to provide the necessary closing documents." (August 7, 2007 Letter from Alison D. Metzler, Esq.) Defendant's counsel also notes that, during the parties' last conference call with the Court, on March 29, 2007, plaintiff's counsel stated that he was unable to locate his client. (*Id.*) Because of the plaintiff's failure to execute the settlement documents, the $2,000 settlement payment has not been made to the plaintiff. Therefore, defendant requested that the Court now dismiss plaintiff's complaint with prejudice for failure to prosecute.

Rather than simply rely on the sixty-day closing order, the Court decided to provide plaintiff with one more opportunity to contact

the Court before formally dismissing the case with prejudice under Federal Rule of Civil Procedure 41(b), as requested by defendant. Therefore, on August 21, 2007, the Court issued an Order that gave plaintiff one final opportunity to address his failure to comply with the Court's directives by ordering the plaintiff to either (1) consummate the settlement agreement and file a stipulation of discontinuance by September 21, 2007; or (2) seek in writing by September 21, 2007 to re-open the case and restore the instant action to the Court's calendar in order to continue to pursue his claims. The Order also warned plaintiff that, if he failed to respond to this order, he would forfeit his right to collect settlement monies pursuant to the settlement agreement, and the case shall be dismissed with prejudice without further remedy under the instant complaint. Plaintiff failed to respond to the Court's Order. As set forth below, under these circumstances, the appropriate remedy is to dismiss the case with prejudice.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 443-44 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link,* 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives to participate in scheduled proceedings, including status conferences." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately

2

considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

First, plaintiff has been responsible for numerous delays in this case and has failed to respond to several court orders. This Court was notified of the settlement on November 16, 2006. Following the settlement, defendant's counsel attempted to contact plaintiff to finalize the closing documents on November 16, 2006, January 25, 2007 and March 7, 2007. On February 21, 2007, the Court issued an order requiring that the parties file a stipulation by March 21, 2007. On March 20, 2007, defendant's counsel advised the Court that she had repeatedly attempted to contact plaintiff's counsel in order to finalize the closing documents, to no avail. (March 20, 2007 Letter from Alison D. Metzler, Esq.) It was not until March 29, 2007, nearly four months after the settlement was reached, that plaintiff's counsel finally responded to the Court that, in lieu of a stipulation of discontinuance, the parties "consent to a sixty closing order." Moreover, even though the settlement was apparently not consummated during that period, plaintiff failed to seek to re-open the case within the 60-day time requirement. In fact, plaintiff still has not made any such request. In addition, plaintiff also failed to respond the Court's August 21 Order.

The Court recognizes that these delays apparently are not the fault of plaintiff's counsel, but rather are a result of counsel's inability to contact his client. However, plaintiff has a responsibility to provide proper contact information to his attorney so that his attorney can communicate with him and that delays in proceeding with this lawsuit can be avoided. *See generally Dumpson v. Goord*, No. 00-CV–6039 CJS, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."); *accord Sanders v. Giannotta*, No. 5:03-CV-1117 (LEK/GJD), 2007 WL 952059, at *2-3 (N.D.N.Y. March 29, 2007).

Second, the plaintiff was notified, in the Court's sixty-day closing order, that the case would be discontinued with prejudice. Moreover, plaintiff was again warned in the August 21 Order as follows:

> IT IS HEREBY ORDERED that plaintiff either (1) consummate the settlement agreement and file a stipulation of discontinuance by September 21, 2007; or (2) seek in writing by September 21, 2007 to re-open the case and restore the instant action to the Court's calendar in order to continue to pursue his claims. Should plaintiff fail to respond to this order, he shall forfeit his right to collect settlement monies pursuant to the settlement agreement, and the case shall be dismissed with prejudice

without further remedy under the instant complaint.

(August 21, 2007 Order, at 2). Thus, the Court has attempted to warn the plaintiff that noncompliance will result in dismissal.

Third, defendant is prejudiced by this delay because, despite an attempt to settle the case, any final resolution of the case has been delayed for many months because of plaintiff's failure to stay in contact with his attorney.

Fourth, plaintiff has been given multiple opportunities and an extended period of time to avoid dismissal of the case, but has shown no indication of any desire to continue to pursue this action, including any settlement. Because plaintiff has demonstrated no interest in continuing with this action, no sanction less than dismissal will alleviate the prejudice to defendant to continue to keep this action open under these circumstances. Moreover, the Court needs to avoid calendar congestion and ensure that there is an orderly and expeditious disposition of cases.

In sum, given the law and the above-referenced factors, dismissal with prejudice for failure to prosecute and comply with the Court's orders is clearly warranted.

I. CONCLUSION

For the reasons set forth above, the case is dismissed with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. The Clerk of the Court is directed to the close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 2, 2007
Central Islip, NY

\* \* \*